Good morning. My name is Craig Wilkie and I represent Petitioner Appellant Ken Cote. Mr. Cote is currently serving a state prison term of 27 years to life imprisonment. Based on a jury trial in which he was denied his Sixth Amendment right to a fair and impartial jury, and an appeal in which he was denied his right to effective assistance of counsel. These two issues are presented for the court's review. I'd like to start in reverse order with the ineffective assistance of counsel claim. And this issue is somewhat complicated by the district court analysis in this case because the district court failed to apply the Yields Flip-Through Doctrine and consider the superior court's order denying the state habeas corpus petition. The district court went straight to the California Supreme Court's summary denial and reviewed the petition and the claim under Harrington v. Richter. And I would submit that this is legally incorrect. The Ninth Circuit has repeatedly applied Yields Look-Through to lower court California decisions on habeas where there are subsequent summary denials by the Court of Appeals and the California Supreme Court. That's exactly what happened here. We had a reasoned opinion by the superior court. That becomes the controlling decision for purposes of this court's review. Go ahead. The second part of this analysis, which really has to do with the standard of review by which the court will consider this claim, is whether the claim is governed by 28 U.S.C. 2254D. And it is our position that the Supreme Court's recent decision of Johnson v. Williams, in which they expressly recognized an exception to the presumption, the Harrington v. Richter presumption, in a situation where a particular claim implicates both federal and state law and the state court only addresses the state law aspect of the claim. While there is a presumption that there was an adjudication on the merits of the federal claim, that presumption is rebuttable. And in this particular situation, this case presents the very example that the Supreme Court's opinion sets out, and that is a federal right that is quite different or more protective than the state court right. The two competing state law and federal law claims here that were argued as prejudice to the ineffective assistance of counsel claim. What is the prejudice? The prejudice is that Mr. Cody was denied his federal due process right to notice of exactly what the government had to prove and what penalty he would be subjected to if the government proved that. He went to trial under an information that if convicted on counts one through three, as he was, he was subject to a statutory maximum sentence of 18 years' imprisonment. Because of the mid-trial amendment, the state court at sentencing sentenced him to 27 years to life and, in fact, stated at the time that he was without discretion to impose any lesser sentence. That's one. Two, in this case, Mr. Cody went to trial on notice that count two, and count two is quite critical because it's the combination of count two and count three that suggests the indeterminate life term. But he went to trial on count two believing that that count the government had to prove that that crime occurred in the month of June 2000. When the mid-trial amendment not only changed that date and moved it to an earlier time period prior from September 98 to September 99, it substantially broadened the time period from one month, June 2000, to one year, basically September 98 to 99. That was very critical in this case because the testimony at trial and the evidence at trial was very vague. There were not specific testimony about specific acts at specific times. You had generalized testimony by the minor victim that this conduct occurred over a period of years with decreasing frequency as she got older. And so by broadening the time period, you substantially broadened the ability of the prosecution to prove their case and thereby prejudice the defense in its preparation for trial. So that is the prejudice. And just the prejudice on the penalty part, the type of prejudice this Court has recognized is sufficient to invoke the due process right. And I'm speaking of Gott v. Lewis, which is an opinion of this Court, in which habeas relief was granted where the defendant was sentenced to a gun enhancement of 25 to life, where he was only charged with the gun enhancement of 10 years. There wasn't an objection raised in the trial court to the amendment, correct? Well, in fact, there was, Your Honor. The objection was as when the prosecutor came back after the trial court's request that he bring the corrected information into court, which does suggest there was a prior discussion of this issue, but there's nothing in the records that actually indicates that. The judge kind of summarized the amendments to the indictment and asked defense counsel whether he objected. And defense counsel, in fact, did object and specifically went into state, went in to make an argument on how he was prejudiced. His prejudice argument there was that with the new dates, there was evidence that had come in already that wouldn't have otherwise been admissible. And he didn't object to that evidence, because while it was admissible under the old charge, it no longer became relevant under the new charge. The trial court quickly exposed that objection, saying, essentially, I would have led it in any way as the equivalent of other act evidence, and moved on. But there was an objection. And I would submit that that objection, while not specific to it raises the penalty, it is an objection to notice. And that is, I, defense counsel, did not get adequate notice of what is at issue here. And therefore, I made certain decisions during this trial, i.e., not to object to certain evidence, based on what I did have notice of at the outset of trial. That is one of the, I would submit, the fundamental purposes of the charging document to provide notice. But let's look at, if I can interrupt, the charging document, all of the counts. And when you look at all the counts, is it not clear that the amendment to the information narrowed a date in one count, expanded a date in the other, but this was a whole course of activity that he was charged with when you look at all the counts over a period of time. And there really is nothing that changed, in essence, that was critical to the defense because there was no new witness because of these changes. The same conduct, the same victim, and it's not unusual for there to be tinkering with dates mid-trial with indictments or informations. And, in fact, there's a jury charge that tells the jury, you do not have to find it specifically, but approximately. So when you look at the totality of the conduct of the charge, there really wasn't any prejudice here. Well, Your Honor, I would disagree. The Court says there was nothing critical to change. Something critical did change, and that is that as originally charged, counts 1 and 2 were essentially charged in the alternative. Correct. And that was the notice that Mr. Cody was put on at the outset of trial, notice given to him not only by the charging document, but by the preliminary hearing judge's statements in binding him over, where they refused to bind him over to what became count 2 because it was charged during the same time period. And the Court specifically said at the prelim, if you're going to charge him with this, it's in the alternative. So Mr. Cody's on notice when he goes to trial. I can't get a consecutive term on 1 and 2. By changing the dates so as to remove the overlapping time period, which is one of the things that was done, now he is no longer simply subject to a concurrent term on those two counts. He's subject to a consecutive term, which he, in fact, got. So you're saying it's the prejudice in the sentence that he received that's the problem. I think that's part of it, and I think it's a substantial part of it. I don't think it's the only prejudice. I think the prejudice also goes to certain notice of the facts they have to prove, which affects a defendant's choice to go to trial, and it affects his trial counsel's decisions during trial. What would have changed? Many things could have changed. It's hard to determine now at this point. And this is the very analysis that this Court went through. Well, we're on habeas review here. I understand. And you've had lots of chances to, a lot of time to figure out what counsel should have done differently. I don't see how it would have changed. Well, we're not saying counsel was faced with a certain set of circumstances that he reacted to at the time. Well, no, I understand that. But even though it's charged in the alternative, the notice is that defendant knew he would have to defend against both charges. It doesn't matter if it's in the alternative, particularly given the defense in this case is why he didn't do it. He proceeded with that defense. But he had to defend at both charges as initially stated. Let me ask you this. Did his maximum exposure change in terms of sentencing? Oh, absolutely. That changed. But also, what also changed is because the dates got moved, an element of the offense changed here. The government was required to prove the age of the victim at the time of the offense. Wasn't he subject to life potentially under either version? Under the new charge. I'm sorry. Wasn't he potentially facing a life imprisonment under either version of the charges? Prior to the amendment. Prior to the amendment, yeah. Only if he were convicted of count four. Right. That's his maximum exposure. It required a conviction on count four of which he was acquitted. So he was acquitted of count four, and that was the only one that was charged with the 667 enhancement in the original information. But if I could go back to the Court's question, the what changed here additionally is by changing the date, the government, the prosecution changed an element of the crime. This is a situation where the government was required to prove the age of the victim on the date of the offense. By moving the dates, as originally charged, count one had this overlapping crime period which covered a period in which he was 14 or over, which would not have proven the charge. Count two, essentially while it alleged a 288A violation, it really charged the lesser included, which was a lewd and lascivious on a minor of 14 or over, based on the facts that were alleged. That's a substantial change because in these types of offenses, the age of the victim is an element of the offense that the government has to prove. So what you're changing here is an element of the crime, which I would submit goes to the heart of due process notice. That wasn't a new element, though, because of the other counts. The minor was going to be part of the trial in any way. The age of the minor.  The question was, and what was an issue, is, one, whether these acts happened. And if they did, when did they happen? So that's a moving target there. And so when you change, when the government changes the date of the offense, they are effectively changing an element. Kagan. We've got your argument. You're down to a little over two minutes. Would you like to save it for rebuttal? Thank you very much. Thank you. Good morning, Your Honors. Deputy Attorney General Christine Gutierrez, on behalf of the respondent. Now, the first question, obviously, this court must decide in this case with respect to Cody's ineffective assistance to counsel claim is whether the state court did, in fact, adjudicate this claim on the merits. And the court did. First of all, there's a strong presumption that must be applied that the court did adjudicate the claim on the merits. And I would agree with Cody's counsel that what we do need to do is look through to the decision of the superior court in this case because there was a reason to shouldn't. However, it's really a distinction without a difference in this case because in both cases, whether you look through to the superior court or whether you're looking at the California Supreme Court decision in both cases, we would agree that it was a silent denial with respect to this portion of the claim. So how do we know that the court did, in fact, not simply overlook the claim? Well, when Mr. Cody filed his habeas petition, he raised numerous claims, and the court chose to only give a detailed analysis with respect to a few portions, a few of those claims, and within those claims, only to a few portions of those claims. But the court did specifically say that the failure to challenge the prosecution's amendment at trial did not constitute ineffective assistance at counsel. And also to make clear that the court was rejecting all of Cody's claims, it further stated that all other issues raised by the petition are deemed to be without merit. Well, they were the court was really discussing the State ineffective assistance of counsel claim, I assume. Is there any material difference between that, the operative facts of that, and the standard in the Federal claim? I don't believe so. I mean, the court is going to have to apply the Strickland standard. But when it does so, it must look to whether there's any reasonable basis that the superior court could have concluded that he did not meet his burden on either the deficient performance or the prejudice prong. And with respect to that, I think that we need to step back, because I think petitioner is focusing on the wrong prejudice analysis. We have to remember that this was raised as an ineffective assistance of appellate counsel claim. So we're not straight looking at whether he was prejudiced by the failure to by the amendment to the affirmation mid-trial, but whether he would likely have prevailed on appeal had this claim been raised. Because, again, Well, the central inquiry is the same. I mean, if there was a colorable argument to be made, then you'd look to what happened at trial to determine that. Right. I mean, I would agree that the court needs to look at what happened in trial. But one of the reasons why it makes a difference, again, is because I do believe that this claim would have been forfeited if it had been raised on appeal. And because it would have been forfeited, then that both gives appellate counsel a reasonable, you know, tactical reason for not raising this claim in the appeal. And also, it gives, you know, it goes to the prejudice prong that Because there was no objection. If it was a forfeited claim, then how could he have been prejudiced by his counsel's failure to raise it? And with respect to Can you explain again why appellate counsel's decision not to raise the due process claim was a tactical choice? What was the potential upside to the petitioner by not raising the claim? Well, you know, appellate counsel is tasked with raising the claims that they think are most likely to prevail. You know, you don't want to overwhelm the court with a bunch of meritless claims. And so when you have a claim that's been forfeited by trial counsel's failure to raise it, then, you know, that's a reasonable decision. I mean, there's always going to be tons of issues that, you know, Did he raise or did he raise a ton of issues? Or did he raise more meritorious issues? Well, I don't know. Sorry. Well, I disagree with the jury misconduct claim. I mean, I certainly think that, you know, he could make a reasonable decision that he really wanted to focus on that claim because he believed that it was But that claim was brought. Exactly. And I do recognize that initially when counsel filed his brief, that he was focusing on the initial information and apparently failed to recognize that there was an amendment to the information. So I do want to recognize that. But that was raised in my brief and it was addressed in his reply brief. So certainly before the court of appeal decided the case, counsel took a look at the record regarding the amendment of the information and could have asked to file a supplemental brief if he believed that. So I don't think that we can just say that he, you know, didn't make a decision about that just because he was initially mistaken. I mean, it was clearly brought to his attention. He was aware that the amendment was made. I, you know, presumably he looked at the record. I would also like to disagree that trial counsel's objective He was aware after the court of appeal pointed it out in its opinion. Well, I would argue that he was aware after I pointed it out in my Respondent's brief. And, you know, he responded to that in his reply brief by conceding that it had, in fact, been amended. And so he was aware before filing his reply brief. So there was time in there that he could have asked to file a supplemental brief if he believed that was a meritorious claim. Back to the trial court, I'd like to disagree that trial counsel's objection to the amendment in any way covered this due process claim. You know, what he was objecting to was basically that some extra testimony from Jeanine, the victim in counts one and two, came in because some of the time period that she discussed in her testimony was no longer covered by the charges and the information. However, that was true even before. First of all, so I don't believe that covers the due process notice issue. And second of all, that was already the case. So I don't believe that there's any prejudice there. Jeanine had testified back to when the abuse began back in Orange County in cases that weren't charged or in instances that weren't charged in this case because this was a Riverside case. The dates were always narrowed down to when they were living in Riverside. But she described the abuse basically from when it began until when it ended. So, you know, the evidence in this case did not change based on the amendment. Mr. Cody was aware of what he was charged with and over what time period. One other thing I'd like to point out to the Court is that it was not until we've been in the Federal courts that Mr. Cody's ever argued anything about not having notice about the maximum sentence. That wasn't presented in the State court. Kagan.
judges: Zouhary, Schroeder, Nguyen